Opinion issued December 16, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00389-CR

_____

**COREY LEWIS CAMPBELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1673575**

---

## OPINION CONCURRING IN THE
## DENIAL OF EN BANC RECONSIDERATION

As a nine-member tribunal that acts through three-member panels, this Court commonly receives motions for all nine of us to revisit a panel's work. Yet such motions fail so frequently, and often with such speed, that perhaps a few comments may improve the situation going forward.

Those who would contemplate pursuing en banc reconsideration in this Court typically need to ask themselves two questions. First, what factors make such a request appropriate? Second, if the request is appropriate, how should it look?

To answer these questions, start with the rules of appellate procedure. The rules mention motions for en banc reconsideration, but they do not offer much practical guidance about when or how to ask for it. The guidance comes down to about three dozen words in Rule 41:

> *En Banc Consideration Disfavored*. En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.

TEX. R. APP. P. 41.2(c).

The rule offers some help, but more seems to be needed, because the Court denies the vast majority of motions without comment or dissent, typically based on a belief that the case does not present either a conflict or extraordinary circumstances.

Given this standard in Rule 41.2, it might be useful in the future if en banc motions were to start with a simple statement of no more than a page, presented without argument and standing apart from the body of the argument, just to hit the standard head-on. Something like the following might get the job done:

* * *

## RULE 41 STATEMENT

The criteria in Tex. R. App. P. 41.2(c) focus on the following questions to evaluate the case's fitness for en banc reconsideration:

1.  Does the motion allege a conflict in the Court's decisions (and if so, what decisions conflict)?

2.  Does it allege any extraordinary circumstances (and if so, what circumstances qualify)?

The answers here are as follows:

1.  The motion alleges a conflict within the Court's decisional law. The Panel opinion conflicts with the Court's prior decision in *Baskerville v. Moriarty* and *In re Baker Street* on [*state the relevant holdings*].

2.  The motion alleges extraordinary circumstances. The circumstances at hand qualify as extraordinary because [*state the circumstances succinctly*].

* * *

Then the motion can develop the argument in an ensuing section.

One can draft a motion in other ways, but the point is that it should hit the standard immediately and openly. Otherwise, we may all continue drifting past each other in the dark with today's system, where litigants may not know (and we normally do not tell them) how to separate the deserving from the undeserving.

3

The Fifth Circuit has had a similar experience, so it offers this guidance in its local rule:

**PETITION FOR REHEARING EN BANC**

**Extraordinary Nature of Petitions for Rehearing En Banc**—A petition for rehearing en banc is an extraordinary procedure that is intended to bring to the attention of the entire court an error of exceptional public importance or an opinion that directly conflicts with prior Supreme Court, Fifth Circuit or state law precedent, subject to the following: Alleged errors in the facts of the case (including sufficiency of the evidence) or in the application of correct precedent to the facts of the case are generally matters for panel rehearing but not for rehearing en banc.

**The Most Abused Prerogative**—Petitions for rehearing en banc are the most abused prerogative of appellate advocates in the Fifth Circuit. Fewer than 1% of the cases decided by the court on the merits are reheard en banc[.]

5TH CIR. R. 40, I.O.P. (emphasis omitted).  As the quotation suggests, a conflict in a court's own decisional law is a classic ground for an en banc motion, while the motion probably has no hope if it contends that the panel misapplied a correctly-stated rule to a given record.

What if the panel misapplied settled law so egregiously that the party feels deeply about pursuing correction of the error?  The law provides two honorable options.  First, one can pursue panel rehearing.  Second, one can take the case to Austin in the hope of discretionary review; error correction is a recognized basis for seeking reversal in the State's two highest tribunals.  But the options normally do not include pursuing en banc reconsideration.  Speaking for myself, if I have doubts

4

about whether a panel misapplied known law to a given record, I will normally stay out of the matter and vote to deny en banc. Seeking en banc review for mere misapplication of known law generally constitutes a road to nowhere.

True, one could always imagine error so egregious that the full court would perceive extraordinary circumstances. But caution is appropriate. The bar deserves to know how high that hurdle is.

What makes circumstances extraordinary? The question has no easy answer. Then-Justice Hecht once attempted to collect some factors that mattered to him in deciding a case's importance to the jurisprudence of the State. *See Maritime Overseas Corp. v. Ellis*, 977 S.W.2d 536, 536–37 (Tex. 1996) (Hecht, J., dissenting from denial of application for writ of error). This feels analogous. Perhaps one must look at the stakes in the case at hand, the recurring nature of the issue, the views of authorities from the academy or other jurisdictions, and the like. But whatever it is, it normally will not include error correction. Unless someone gives me a compelling reason, I do not want to revisit a panel's work in construing a document, deciding sufficiency of the evidence, or otherwise applying known law to a particular record.

With these considerations in mind, let me turn to the motion at hand. The motion raises two issues:

> **The panel opinion misapplied North Carolina's clergy-communicant privilege.**

**The panel opinion applies the wrong standard in concluding lesser included offense instructions were not warranted.**

These issues are clear and easy to understand. Further, to its credit, the motion starts with the standard from Rule 41.2(c). That said, these specific issues strike me as more appropriate for panel rehearing or a petition for discretionary review. Here is why.

First, I am willing to assume that the motion has North Carolina law just right. But whatever North Carolina law may say, and whatever the panel may have done in applying it here, that issue seems unlikely to recur in Texas and does not fit my conception of extraordinary circumstances. Correcting a holding under North Carolina law does not strike me as an objective that we can justify undertaking as a full court.

Second, the complaint about the "wrong standard" applied to an issue about the jury charge gets my attention to a much greater degree. The motion helpfully asserts that this kind of jury charge dispute "recurs daily in Texas trial courts." Such an issue assuredly causes me to read more closely.

Nevertheless, in the body of the argument, the motion does not point to any conflict with our own decisions. Instead, it cites cases from the Court of Criminal Appeals, and it refers to the evidence in this record. When it wraps up, the motion's prayer claims that the panel "overlooked more-than-a-scintilla of record evidence directly showing at least reckless handling of the pistol, then compounded that

oversight by imposing an extra-statutory 'confession' requirement before instructing on manslaughter and criminally-negligent homicide." But when read as a whole, the argument seems to be that the panel took the controlling precedents from the Court of Criminal Appeals and misapplied them to this record.

The motion is respectful and well written; it cites the correct standard; and it offers clear legal arguments in making its case. For the reasons given, however, it does not persuade me that we should grant full court review. Thus, I concur in denying en banc reconsideration.

David Gunn
Justice

En Banc Court consists of Chief Justice Adams and Justices Rivas-Molloy, Guerra, Gunn, Caughey, Guiney, Johnson, and Dokupil. Justice Morgan not participating.

Justice Gunn, joined by Chief Justice Adams and Justice Caughey, concurring in the denial of en banc reconsideration with separate opinion.

Do not publish. TEX. R. APP. P. 47.2(b).